**FIRST NATIONAL BANK OF SALEM, OHIO, Plaintiff-Appellant,**

v.

**Harry D. HIRSCH et al., Defendants-Appellees.**

**No. 75–2249.**

United States Court of Appeals, Sixth Circuit.

Decided May 10, 1976.

**344**

Timothy D. Wittlinger, George E. Kuehn, Detroit, Mich., for plaintiff-appellant.

Dale G. Rands, Southfield, Mich., for Hirsch.

Elwood S. Simon, Lawrence G. Campbell, Detroit, Mich., for National Bank of Detroit.

John P. Connolly, Hazel Park, Mich., for Moran.

Lawrence K. Snider, Detroit, Mich., for Cardone, Moran, Ryan.

Before WEICK, EDWARDS and ENGEL, Circuit Judges.

PER CURIAM.

This matter is before the court on the motion of defendant-appellee National Bank of Detroit (NBD) to remand the case to the district court to permit NBD to file, pursuant to Rule 60(b), Federal Rules of Civil Procedure, a motion to vacate judgment.

This case arises out of a dispute between plaintiff-appellant First National Bank of Salem, Ohio (Bank of Salem) and defendant-appellee Harry Hirsch. Hirsch is the former president of C. M. Hall Lamp Company, an Ohio corporation. In 1966, that company instituted an employee pension trust for salaried employees and, as such an employee, Hirsch was covered by the trust. Hirsch, thereafter, left the company and moved to Florida.

On December 11, 1973 plaintiff-appellant obtained a money judgment against Hirsch in the Court of Common Pleas of Columbiana, Ohio, for the unpaid balance on a loan Hirsch had obtained previously from the Bank of Salem. Unable to collect on that judgment, the bank filed the present action in the district court for the Eastern District of Michigan, seeking to satisfy the Ohio judgment out of Hirsch's interest in the pension fund. Named as defendants besides Hirsch, were NBD, the trustee of the pension trust, and Cardone, Moran, and Ryan as members of the pension committee supervising the trust. In addition to seeking a judgment against Hirsch, plaintiff also sought judgment against the other defendants in the amount of Hirsch's interest in the pension fund, and an injunction preventing them from distributing any of that interest to Hirsch directly.

A hearing was held on October 8, 1974. On June 11, 1975, the district judge issued his Findings of Fact and Conclusions of Law. He concluded that while plaintiff was entitled to judgment against Hirsch, it was not entitled to any relief against the trustee or custodians of the pension plan, because a valid spendthrift clause in the pension agreement prevented them from making distributions other than to Hirsch. Bank of Salem has appealed from this portion of the district court ruling.

In its motion to remand, NBD as trustee of the pension plan has alleged that on March 24, 1975 the C. M. Hall Lamp Company was adjudicated bankrupt, and that under the terms of the trust, the adjudication effectively terminates the trust and mandates distribution of its corpus. The motion alleges that the adjudication of bankruptcy occurred several months after hearing on the matter by the district judge and that it rendered the spendthrift clause, the existence of which formed the basis for

the district court's denial of relief, totally inoperable. Plaintiff-appellant has filed an answer in support of the motion to remand.

Defendant-appellee Hirsch filed a brief in opposition to the motion to remand. In his answer, Hirsch admitted that the bankruptcy had occurred, but noted that the bankruptcy was approximately four months prior to the district court judgment and that the proposed Rule 60(b) motion would thus not be timely filed. He further contended that assuming the trust had been terminated, NBD as trustee had no right to make any distribution without instructions to do so from the pension committee which had not been given. Finally, Hirsch argued that even if subsequent to the bankruptcy NBD were free to make the distributions, it could not do so in disregard of the spendthrift clause which the pension trust had contained.

This case presents an issue concerning the proper procedure which a party should follow when it seeks to make a motion under Rule 60(b) to vacate the judgment of the district court, after a notice of appeal has been filed.[1] The correct procedure, we think, was outlined by the court in *Herring v. Kennedy-Herring Hardware Co.*, 261 F.2d 202 (6th Cir. 1958).

In *Herring*, trial was held to the court and the district judge after hearing dismissed plaintiff's cause of action with an accompanying opinion. Plaintiff filed a notice of appeal from the order of dismissal. Thereafter, plaintiff filed in the court of appeals a motion to remand the case to the district court. The basis for the motion was that the court reporter had died subsequent to the decision of the district court, and because of the particular method of shorthand he used, it was impossible to produce an accurate record for appeal from the notes he had prepared. In responding to the motion to remand, the court stated:

> The authority to grant a new trial under Rule 59(a) or to relieve a party from

a final judgment under Rule 60(b), Rules of Civil Procedure, rests with the District Court, not the Court of Appeals. In accordance with the procedure in an analogous situation, approved in *Smith v. Pollin*, 90 U.S.App.D.C. 178, 194 F.2d 349; see also: *Metcalf v. United States*, 6 Cir., 195 F.2d 213, 218; *Hamel v. United States*, 6 Cir., 135 F.2d 969; appellant's motion seeking a new trial or relief from final judgment under either of those rules should be addressed to the District Court. If, after a full and careful investigation of the problem, the District Judge is of the opinion that a fair and satisfactory record can be prepared for the purpose of a review of this case by the Court of Appeals, or if the failure to prepare such a record is due to the inexcusable neglect of the appellant to preserve his rights in the matter or to his failure or refusal to fully cooperate, he will so state and the pending motion for a remand will be overruled. If, without fault on the part of the appellant, or because of the failure of the appellee to fully cooperate in the matter, the District Judge is of the opinion that a record cannot be prepared and presented to the Court of Appeals which will fairly and satisfactorily enable the Court to review the judgment entered in this action and that the appellant should be granted a new trial, he will so certify to this Court and the pending motion for a remand will be sustained for action by the District Judge on the motion under consideration by him. 261 F.2d 203, 204.

In *Herring*, the court cited with approval the procedure employed by the court of appeals in *Smith v. Pollin*, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952). In that case, the appellant filed in the court of appeals a motion for leave to file in district court a motion for new trial based upon newly discovered evidence. In ruling upon the motion, the court established this procedure:

---

1. Filing of a notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and the district court is thereafter without jurisdiction except to act in aid of the appeal. *Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969), *Keohane v. Swarco, Inc.*, 320 F.2d 429 (6th Cir. 1963).

We are of opinion, therefore, that, when an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion for new trial. 194 F.2d at 350.

In accordance with this procedure, we think that the party seeking to file a Rule 60(b) motion (NBD) should have filed that motion in the district court. If the district judge is disposed to grant the motion, he may enter an order so indicating and the party may then file a motion to remand in this court.[2] Otherwise, the appeal will be considered in regular course. Accordingly, the motion to remand is denied, but without prejudice.

---

**2.** A problem may be presented if the district judge needs the record in the case in order to rule upon the motion which has been filed. Since such record will be filed in the court of appeals subsequent to the filing on the notice of appeal, it will not be available to the district judge. However, the district judge may certify an order to the court of appeals requesting that the district court record be returned so that the Rule 60(b) motion may be decided. Cf. *Kelley v. Metropolitan City Board of Education of Nashville, Tenn.,* 463 F.2d 732, 745 n. 3 (6th Cir. 1972), *cert. denied* 409 U.S. 1001, 93 S.Ct. 322, 34 L.Ed.2d 262 (1972).