770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE LAMORE, PLAINTIFF-APPELLANT,
v.
BEMAN S. POUND; STATE OF OHIO, BUREAU OF EMPLOYMENT
SERVICES; UNITED STATES OF AMERICA, DEFENDANTS-APPELLEES.
 NO. 82-3232
 United States Court of Appeals, Sixth Circuit.
 7/25/85
 
 S.D.Ohio
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: MILBURN, Circuit Judge; EDWARDS, Senior Circuit Judge; and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff brings this pro se appeal from the decision of the district court dismissing his pro se action seeking to enjoin the State of Ohio and the United States of America from reducing his welfare benefits.
 
 I.
 
 2
 Plaintiff alleged in his complaint filed on September 24, 1980, that defendants were reducing his benefits under the Aid to Families with Dependent Children Program, 42 U.S.C. Sec. 601 et seq., because he refused to participate in the Work Incentive Program ('WIN'). The court denied the request for injunctive relief, and an appeal was taken. This court reversed because the district court provided no reason for the denial. Lamore v. Pound, No. 80-3651 (6th Cir. May 12, 1981) (unpublished order).
 
 
 3
 On remand, the United States filed a motion to dismiss setting forth three arguments: (1) that the district court had no subject matter jurisdiction; (2) insufficiency of service of process; and (3) failure to state a claim and demand for judgment. On March 1, 1982, the district court entered a memorandum and judgment dismissing plaintiff's action for all reasons offered by the government. Plaintiff then filed the present appeal.
 
 
 4
 On December 18, 1983, the United States filed a motion with this court requesting that this case be remanded to the district court for reconsideration of the jurisdictional issue in light of Davis v. Reagen, 630 F.2d 1299 (8th Cir. 1980). In Davis, the Eighth Circuit held (1) that federal district courts have jurisdiction to determine under federal law whether a state may terminate welfare benefits of an entire family as as the result of an unemployed parent's failure and refusal to register for employment under the WIN Program, (2) that termination of an entire family's benefits under such circumstances was improper, and (3) that the appropriate sanction is elimination of the unemployed parent's needs in calculating the assistance to be paid to the family.
 
 
 5
 In its motion to remand in the instant case, the government stated that plaintiff had raised these issues before the district court and that it appeared that plaintiff 'has stated a cognizable claim and that the federal courts have jurisdiction to review such a claim.' Despite these concessions by appellees, a motions panel of this court denied the motion to remand because neither party complied with the procedure for remand set forth in First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir. 1976). Lamore v. Pound, No. 82-3232 (6th Cir. April 23, 1984) (unpublished order). The United States thereafter advised this court that it did not intend to file a brief in this appeal for the reasons set forth in the motion to remand.
 
 
 6
 While we do not condone the United States Attorney's failure to follow the procedure outlined in Hirsch, supra, we believe the most appropriate action under these circumstances is to remand this action to the district court for reconsideration in light of Davis v. Reagen, supra. Not only should the district court be given the opportunity to consider this matter in the first instance, but, in addition, we think that input from defendants is necessary to a reasoned resolution of this action. In so remanding this case, we intimate no view as to the correctness of the Davis v. Reagen, supra, decision.
 
 II.
 
 7
 Accordingly, the decision of the district court is REVERSED, and this action is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court, Eastern District of Kentucky, sitting by designation