772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNIE MAE MITCHELL, PLAINTIFF-APPELLANT, CROSS-APPELLEE,
v.
OSAIR, INC. (FORMERLY OSBORNE BROS. WELDING SUPPLY CO.),
DEFENDANT-APPELLEE, CROSS-APPELLANT.
 NOS. 84-3973, 84-4007
 United States Court of Appeals, Sixth Circuit.
 8/2/85
 
 N.D.Ohio
 REMANDED
 ORDER
 BEFORE: ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of appellee's motion to dismiss appellant's appeal and appellant's motions for a transcript at government expense and for a remand.
 
 
 2
 Appellee contends that this Court should dismiss appellant's appeal because appellant failed to comply with Rule 10(b), Federal Rules of Appellate Procedure by failing to timely file transcript reporter form 6CA-30. In appellee's opinion, such failure constituted want of prosecution.
 
 
 3
 Dismissal for non-compliance with Rule 10(b), Federal Rules of Appellate Procedure is permissible when appropriate, but such action is not required. Because the appellant is allegedly indigent and made a good faith effort to proceed on appeal by obtaining an in forma pauperis status and requesting a transcript at government expense, dismissal for want of prosecution or non-compliance with Rule 10(b), Federal Rules of Appellate Procedure, would be inappropriate. Thomas v. Computax Corporation, 631 F.2d 139 (9th Cir. 1980).
 
 
 4
 Appellant moves this Court for a remand contending that the district court is inclined to grant a motion for reconsideration of its October 31, 1984 judgment. This Court decided in First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir. 1976), that if an appellant has moved the district court for reconsideration under Rule 60(b), Fed.R.Civ.P., and the district court is disposed to grant such a motion and expresses its inclination by entry of an order, a remand should be granted. The circumstances in the present action fully comply with the guidelines of Salem, supra. In addition, it is practical and in the best interest of judicial efficiency that this Court sua sponte remand the appellee's cross-appeal docketed as Case No. 84-4007 in order to allow the district court to reconsider the action in its entirety. Rule 9(d), Rules of the Sixth Circuit. Such a remand will advantage this Court, as well as the parties, by allowing all issues to be simultaneously before this Court if either party later appeals.
 
 
 5
 The appellant's motion for a transcript at government expense need not be considered. The issue is moot because of remand to the district court.
 
 
 6
 It is, therefore, ORDERED that appellee's motion to dismiss be and hereby is denied. It is further ORDERED that appellant's motion for a remand be and hereby is granted, and the appellee's cross-appeal hereby is remanded sua sponte. Appellant's motion for a transcript at government expense is hereby denied.
 
 
 7
 Judge Krupansky dissents from this order on grounds the issues raised are legal issues which may be joined in the present appeal and do not require resubmission to the district court.