803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWARD COLLINS, JR. SUBSTITUTED PARTY FOR HIS DECEASED
STEP-FATHER, JAMES HARDY, AND DECEASED MOTHER,
MARY HARDY, Plaintiff-Appellee
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 86-5552.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1986.
 
 1
 BEFORE: KEITH, MERRITT and NORRIS, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court upon consideration of the parties' joint motion to remand their appeal and cross-appeal from an order of the district court.
 
 
 3
 In support of the motion to remand, the parties maintain that the district court failed to set forth its judgment on a separate document as required by Rule 58, Federal Rules of Civil Procedure. Review of the record on appeal, however, indicates that the district court in its order of March 6, 1986, did take sufficient action to comply with that rule and that the motion to remand cannot be granted on that basis. See Falls Stamping & Welding Co. v. Intern. Union, UAW, 744 F.2d 521 (6th Cir. 1984).
 
 
 4
 Remand to the district court nevertheless remains the appropriate disposition of the appeal and cross-appeal under this Court's decision in First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir. 1976). In that case this Court determined that a case may be remanded subsequent to the filing of a notice of appeal upon the filing in the district court of a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, and that court's certification of its inclination to grant that relief should the case be remanded to it.
 
 
 5
 Such is the case in this appeal and cross-appeal as after the filing of the notice of appeal and cross-appeal, the district court construed appellee/cross-appellant's untimely filed motions under Rules 52 and 59, Federal Rules of Civil Procedure, as a motion pursuant to Rule 60(b), Federal Rules of Civil Procedure. Although the pendency of the appeal and cross-appeal before this Court deprived the district court of the authority to grant relief under the latter rule, its order of June 20, 1986, stands as an effective certification of its willingness to do so were the case properly remanded to it. As a result the appeal and cross-appeal should be remanded pursuant to Hirsch, supra.
 
 
 6
 It is ORDERED that the appeal and cross-appeal be and hereby are remanded to the district court. Furthermore, the motions to dismiss the appeal and cross-appeal are denied as moot.