925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph N. SAFFOLD, Petitioner-Appellant,
v.
Ben G. BOWERS, Supt., Respondent-Appellee.
 No. 89-3534.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1991.
 
 1
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HACKETT, District Judge.*
 
 ORDER
 
 2
 Joseph N. Saffold appeals from the district court's order denying his motion for leave to file a delayed appeal from the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Saffold entered a plea of guilty, in March of 1984, to voluntary manslaughter. He was sentenced to seven to twenty-five years in prison. Saffold has exhausted all of his state remedies in Ohio. On April 28, 1987, Saffold petitioned for a writ of habeas corpus in district court, alleging that he was denied effective assistance of counsel on the basis that (a) counsel failed to investigate medical evidence showing that he was allegedly mentally ill and under the influence of prescription drugs at the time of the offense, (b) counsel misinformed him of the consequences of entering his plea, and (c) counsel failed to adequately investigate the charges against Saffold and all available defenses. Saffold also alleged that his plea was not entered voluntarily and intelligently and that Ohio's post-conviction statute is "not an effective remedy" for him because of the "waiver rule" and "strict application of the doctrine of res judicata."
 
 
 4
 The matter was referred to a magistrate, who recommended that the petition for a writ of habeas corpus be denied, and the district court adopted this recommendation, dismissing the petition with prejudice. Saffold then filed a Motion for Leave to File Delayed Appeal, which was denied by the district court on the basis that the motion had been filed beyond the thirty-day limitation set forth in Fed.R.App.P. 4(a)(5). The petitioner then filed a notice of appeal with this court on June 15, 1989. Subsequently, the district court discovered a duplicate motion from Saffold, reflecting that the document was received in the court of appeals on March 10, 1989, which date was within the thirty-day limitation for filing such a motion. At that point, the district court, while recognizing that it lacked jurisdiction, filed a memorandum opinion on September 11, 1989, stating that, had the court been aware of the March 10 motion in the file, it would have granted Saffold's motion for delayed appeal and granted his motion for a certificate of probable cause.
 
 
 5
 Generally, the filing of a notice of appeal divests the district court of jurisdiction, transferring jurisdiction to this court with regard to any matters involved in the appeal. Moody v. Pepsi-Cola Metropolitan Bottling Co., 915 F.2d 201, 206 (6th Cir.1990). In light of the newly discovered evidence of record and the district court's inclination to grant Saffold's motion for delayed appeal on the basis of that evidence, this court has the discretion to remand the case so that the district court may enter an order granting Saffold's motion. First Nat'l Bank of Salem v. Hirsch, 535 F.2d 343, 346 (6th Cir.1976).
 
 
 6
 Accordingly, the district court's order filed May 30, 1989, is hereby vacated and the case is remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation