931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kim Venard CALLOWAY, Petitioner-Appellant,
v.
Stephen T. SMITH, Warden, Respondent-Appellee.
 No. 91-5060.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1991.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Kim Venard Calloway, a pro se Kentucky prisoner, appeals the district court's order denying his motion filed pursuant to Fed.R.Civ.P. 60(b). Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Calloway was convicted by a jury on May 17, 1985, in Jefferson Circuit Court of three counts of trafficking in a controlled substance. He then pleaded guilty to being a second-degree persistent felony offender and his sentence was set at seven years imprisonment.
 
 
 4
 After exhausting state court remedies, Calloway filed a petition for a writ of habeas corpus in the District Court for the Western District of Kentucky. In his habeas petition, Calloway raised four grounds for relief under the sixth and fourteenth amendments: (1) the Commonwealth did not produce its informant at trial; (2) the trial court's failure to permit introduction of evidence concerning the informant's record was "biased involvement"; (3) the Commonwealth violated the trial court's order to make a good faith effort to produce the informant; and (4) counsel was ineffective due to failure to subpoena the informant. During the pendency of his petition, Calloway withdrew the ineffective assistance of counsel claim. In a memorandum and order entered on July 20, 1990, the district court denied Calloway's petition.
 
 
 5
 Calloway filed a notice of appeal from the order denying his petition for a writ of habeas corpus on July 25, 1990. This court affirmed the denial of Calloway's habeas petition in an order filed February 14, 1991. See Calloway v. Smith, No. 90-5972, unpublished op. (6th Cir. Feb. 14, 1991).
 
 
 6
 While the appeal was pending, Calloway filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b), in the district court. In his motion, Calloway sought to reassert his ineffective assistance of counsel claim. He claimed that his withdrawal of that claim was a mistake. The district court denied the motion as meritless in an order entered January 2, 1991. This appeal followed.
 
 
 7
 Upon review, we affirm the district court's order but for reasons other than those stated by that court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 8
 "Filing of a notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and the district court is thereafter without jurisdiction except to act in aid of the appeal." First Nat'l Bank v. Hirsch, 535 F.2d 343, 346 n. 1 (6th Cir.1976) (per curiam). Jurisdiction transferred to this court when Calloway filed his notice of appeal from the denial of his petition for a writ of habeas corpus. Thus, the district court was without jurisdiction to entertain Calloway's Fed.R.Civ.P. 60(b) motion.
 
 
 9
 For the reason herein stated, the request for counsel is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation