995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Ray BOWLING, et al., Plaintiffs-Appellees,
Elizabeth W. Ridgeway; Rosemary Grunsby; Fred Grunsby,
Class members, representatives on behalf of the
Pennsylvania Class Objectors, Appellants,
v.
PFIZER, INC., Corporation duly organized & existing under
the laws of state of Delaware with its principal offices in
New York, NY.; Shiley, Inc., Wholly-owned subsidiary of
Pfizer located in Irvine, California, Defendants-Appellees.
 No. 93-3445.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 The appellants, objectors to the settlement of this class action, appeal the district court's order of March 26, 1993, in which the court refused to certify that it was inclined to grant the appellant-objectors' motion under Fed.R.Civ.P. 60(b). The defendants move to dismiss this appeal on grounds that it is taken from a nonappealable order. The class plaintiffs join in the motion. The appellants have filed a response in opposition and the defendants reply in support of their motion.
 
 
 3
 The appellants had two related appeals pending in this matter when they filed their Rule 60(b) motion in the district court. Therefore, they sought a ruling by that court that it was inclined to grant the motion and wished a remand from this court to vest it with jurisdiction. The district court has declined to make such a ruling. Upon consideration, this court agrees with the defendants and the class plaintiffs, that the order of which appellants seek review is not final. The district court's order explicitly does not make a ruling on the merits of the Rule 60(b) motion, but rather addresses "whether [the district court] wish[es] the Court of Appeals to remand the case back to [the district court]." The district court concludes that it does not wish such a remand. In First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir.1976) (per curiam), this court held that if a Rule 60(b) motion is filed during the pendency of an appeal, the party may seek a ruling of the district court that it is inclined to grant such relief and, if the court is so inclined, then seek a remand from this court. If the district court wishes to grant such relief, it may so indicate in an order; "[o]therwise, the appeal will be considered in the regular course." Hirsch, 535 F.2d at 346. The district court having refused to grant the certification requested, the remaining appeals shall proceed in the usual course. See also Craig v. M/V Peacock, 760 F.2d 953, 955 n. 1 (9th Cir.1985); Canadian Ingersoll-Rand Co. v. Peterson Products, 350 F.2d 18, 27 (9th Cir.1965).
 
 
 4
 It therefore is ORDERED that the motion to dismiss this appeal is granted.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation