16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary GLOVER; Lynda Gates; Jimmie Ann Brown; Manetta Gant;
Jacalyn M. Settles; Jane Does, on behalf of
themselves and all others similarly
situated, Plaintiffs-Appellees,
v.
Perry JOHNSON, Director, Michigan Department of Corrections;
Florence R. Crane; G. Robert Cotton; Thomas K. Eardley,
Jr.; B. James George, Jr.; Duane L. Waters; The Michigan
Corrections Commission; William Kime, Director, Bureau of
Programs; Robert Brown, Jr.; Director, Bureau of
Correctional Facilities; Frank Beetham, DIrector, Bureau of
Prison Industries; Richard Nelson, Director, Bureau of
Field Services; Gloria Richardson, Superintendent, Huron
Valley Women's Facility; Dorothy Costen, Director of
Treatment, Huron Valley Women's Facility; Clyde Graven,
Sheriff, Kalamazoo County; Individually, and in their
official capacities, Defendants-Appellants.
 Nos. 93-1599, 93-1824.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KEITH, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Defendants appeal two orders of the district court concerning the implementation of a consent decree in this prisoners' civil rights action. Plaintiffs now move to dismiss the appeals for lack of jurisdiction or as moot. Defendants oppose the motion to dismiss, but move to remand Case No. 93-1599 in accordance with the procedure set forth in First Nat'l Bank of Salem, Ohio v. Hircsh, 535 F.2d 343 (6th Cir.1976) (per curiam). Plaintiffs oppose the motion to remand.
 
 
 2
 The court does not have jurisdiction of these appeals as final judgments pursuant to 28 U.S.C. Sec. 1291. In addition, we cannot accept defendants' argument that the orders grant injunctive relief and therefore are appealable pursuant to 28 U.S.C. Sec. 1292(a)(1). The orders are intermediary orders in an ongoing process whereby the district court is attempting to approve a remedial plan to remedy defendants' contempt of the consent decree. The orders before the court in these appeals do not rise to the level of specificity or have such serious consequences as to be appealable at this time.
 
 
 3
 It therefore is ORDERED that the motion to dismiss is granted and these appeals are dismissed for lack of jurisdiction. The motion to remand is denied as moot.