76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David BILLUPS, Plaintiff-Appellant,
v.
Michael TRAXLER, et al., Defendants-Appellees.
 No. 95-4163.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1996.
 
 Before: CONTIE, NELSON, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff filed a pro se prisoner's civil rights action in the district court asserting the denial of due process in prison disciplinary proceedings. In an order of October 13, 1995, the district court dismissed the action as frivolous under 28 U.S.C. § 1915(d) on grounds the plaintiff had failed to allege facts showing a liberty interest protected by the due process clause. The plaintiff filed a notice of appeal from that order on October 24, 1995. On the same day, he also filed in the district court a motion to alter or amend the order of dismissal.
 
 
 2
 This court is now in receipt of a January 2, 1996, order of the district court construing the plaintiff's motion as one under Rule 60(b), Fed.R.Civ.P., to vacate the order of dismissal and indicating it is disposed to grant the motion if the appeal is remanded to the district court. In so doing, the district court has followed the procedure outlined in First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir.1976), for the remand of an appeal for the consideration of a Rule 60(b) motion filed during the pendency of an appeal. In light of that order, the plaintiff has filed a motion to remand his appeal to the district court.
 
 
 3
 Pursuant to the provisions of Rule 4(a)(4)(F), Fed.R.App.P., a Rule 60(b) motion filed within ten days of the entry of judgment renders ineffective a notice of appeal filed before the disposition thereof.* As a result, the district court retained jurisdiction to rule upon the plaintiff's motion without a need to use the Hirsch certification procedure. Nonetheless, in order to expedite this matter and to provide a clear jurisdictional basis for the district court to act in this matter, we will remand the instant appeal to the district court for further proceedings therein as contemplated by the district court's order of January 2, 1996.
 
 
 4
 It therefore is ORDERED that this appeal is remanded to the district court and is stricken from the docket of this court.
 
 
 
 *
 Because the district court's order of October 13, 1995, was not entered on the district court docket sheet until October 16, 1995, the plaintiff's motion was within the ten-day limit of Rule 4(a)(4)(F). See also Rule 6(a), Fed.R.Civ.P., which excludes weekends and holidays when the time for filing a motion is less than eleven days