Betty T. CASON; Robert F. Cason, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,

v.

**NISSAN MOTOR ACCEPTANCE CORPORATION, Defendant–Appellant.**

No. 00–6483.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

The plaintiffs, Betty and Robert Cason, purchased an automobile from a Nissan dealer in Nashville, Tennessee. The Casons executed a retail installment contract with the dealer. In turn, the dealer sold the contract to the defendant, Nissan Motor Acceptance Corporation (NMAC). NMAC purchases such contracts from Nissan dealers pursuant to a hierarchy of standard buy rates. The buy rate is based upon credit information obtained from the customer by the dealer. In turn, the dealer charges the purchaser an annual percentage rate (APR) in excess of NMAC's buy rate. The plaintiffs refer to the difference between NMAC's buy rate and the APR as a markup. In this action, brought pursuant to the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, the plaintiffs allege that NMAC's African–American customers pay an average markup in excess of that charged to white customers.

The district court conditionally certified a plaintiff class of African–American customers who purchased vehicles financed through NMAC and who incurred markups in excess of those incurred by white customers. The court noted that the specific composition of the class remained for determination. Invoking Fed.R.Civ.P. 23(f), the defendant petitioned this court for leave to appeal the class certification. This court granted leave to appeal by order of November 3, 2000. Subsequently, both the district court and this court denied the defendant's motion to stay all further proceedings in the district court pending this appeal.

While this appeal was pending, the plaintiffs moved the district court for leave to file an amended complaint that would add two additional individuals as class representatives and clarify the nature of the relief sought. The district court concluded this appeal divested it of jurisdiction over the motion but that it could certify its intention to this court.[1] The court indicat-

---

1. Although the district court may not amend a judgment that is before this court on appeal, a party may move to amend the judgment pursuant to Fed. R.Civ. P. 60(b). In such a case, the district court may certify to the court of appeals that it is inclined to grant the motion.

ed that if vested with jurisdiction, it would grant the plaintiffs' motion for leave to file the amended complaint. Further, said the court, it would:

> vacate its prior class certification Order (Docket No. 191), and require the parties to start over in the class certification process, because the Fifth Amended Complaint results in fundamental changes in the basis for the Court's conditional class certification Order.

The district court stated that in any event it would take such action following the conclusion of the instant appeal. On the basis of the district court's order, the plaintiffs now move this court to vacate the grant of leave to appeal and to remand to the district court for further class certification proceedings.

■ The district court's indication that it will grant the plaintiffs' motion to amend the complaint and recommence the class certification proceedings effectively undoes the basis for allowing this discretionary appeal. In view of the further proceedings that will inevitably be conducted, any decision that this court might render would be largely advisory. Such opinions are disfavored. *See, e.g., George Fischer Foundry Systems, Inc. v. Adolph H. Hottinger Maschinenbau, GmbH*, 55 F.3d 1206 (6th Cir.1995) (court will not issue an opinion advising what the law would be upon a hypothetical state of facts.)

The defendant argues that this court should nonetheless issue a decision in the instant appeal because there are core issues that will be unaffected by any new class certification decision. Whether or not such core issues are present, the efficient use of limited judicial resources sug-gests the district court should complete its class certification proceedings, especially where the initial class certification was conditional and the class was only generally defined. *See Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir.2000) (stating that courts of appeal "should err, if at all, on the side of allowing the district court an opportunity to fine-tune its class certification order").

Finally, we note that because of the continuing discovery, the record now before the district court is more expansive than it was at the time of the initial class certification decision. In view of the changes contemplated by the amended complaint, the expanded record, and the district court's intention of recommencing class certification proceedings, the prior decision of this court allowing a discretionary appeal under Fed.R.Civ.P. 23(f) is no longer supported.

Therefore, this court's order of November 3, 2000, that granted the defendant's petition for leave to appeal pursuant to Fed.R.Civ.P. 23(f) hereby is VACATED. This appeal is DISMISSED, and the matter is REMANDED to the district court for further proceedings.

*Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993); *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976) (per curiam). If the district court so indicates, the party seeking the amendment may then move this court for a remand. *Id.*