NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0320n.06
Filed: April 28, 2005

Nos. 02-1893/02-1996/04-1618

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LAC VIEUX DESERT BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS, a federally
recognized Indian Tribe,

        Plaintiff-Appellant/Cross-
Appellee/Appellee,

v.

THE CITY OF DETROIT, MICHIGAN; KWAME
KILPATRICK; MARY ANN MAHAFFEY;
KENNETH V. COCKEREL, JR.; SHEILA
COCKREL; BRENDA M. SCOTT; SHARON
McPHAIL; ALBERTA TINSLEY-TALABI;
ALONZO W. BATES; BARBARA ROSE
COLLINS; KAY EVERETT;

        Defendants-Appellees,

ATWATER ENTERTAINMENT ASSOCIATES,
L.L.C.; GREEKTOWN CASINO, L.L.C.;
DETROIT ENTERTAINMENT, L.L.C.;

        Intervenors-Appellees,

MGM GRAND DETROIT, L.L.C.,

        Intervenor-Appellee/Cross-
Appellant/Appellant,

        and

MICHIGAN GAMING CONTROL BOARD,

        Amicus Curiae.

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN

Before:        MARTIN, MOORE and GIBBONS, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. These consolidated cases have a long and complex factual and procedural history that is extensively documented in two prior published opinions of this Court. *See Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Mich. Gaming Control Bd.*, 276 F.3d 876 (6th Cir. 2002) (*Lac Vieux II*); *Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Mich. Gaming Control Bd.*, 172 F.3d 397 (6th Cir. 1999) (*Lac Vieux I*). Three appeals are currently pending before us, each of which is fully briefed and ripe for adjudication. For the following reasons, we AFFIRM the district court's approval of the settlement agreement and consent judgment in case number 04-1618, DISMISS the appeals in case numbers 02-1893 and 02-1996, and DISSOLVE the previously-entered injunction pending appeal.

**I.**

The underlying dispute among the parties arose after the legalization of gambling in Detroit, when the City enacted an ordinance establishing how it would issue three licenses for the operation of new casinos. As we explained in *Lac Vieux II*, the ordinance "incorporated an advantage for two companies that had been active in the movement to legalize the gambling in the first place . . . and thereby penalized potential applicants who did not engage in it themselves." 276 F.3d at 878. We held the ordinance unconstitutional because it based the advantage on such political activity. *Id.* The two companies that benefited from the preference—Atwater Entertainment Associates and Greektown Casino—were awarded licenses. MGM Grand Detroit, L.L.C. was awarded the third license, although it derived no direct benefit from the ordinance's preference provision. Lac Vieux chose not to participate in this licensing process and instead instituted legal action challenging the

constitutionality of the ordinance.

On remand, and pursuant to our decision in *Lac Vieux II*, the district court granted Lac Vieux's motion for partial summary judgment, declaring the ordinance unconstitutional. Lac Vieux then filed a motion for further relief requesting a new selection process for all three casino franchises. MGM filed a motion to intervene, recognizing the effect that Lac Vieux's motion for further relief might have on its interests. The district court permitted MGM to intervene. MGM then filed a motion seeking an order declaring that the preference provisions found unconstitutional by the *Lac Vieux II* panel were severable from the remainder of the Ordinance and that MGM's selection as a Detroit casino developer was valid. The district court denied Lac Vieux's motion for further relief and, accordingly, also denied MGM's motion. Those rulings are the subject of two of the three appeals currently pending before us: Lac Vieux's appeal in case number 02-1893 and MGM's cross-appeal in case number 02-1996, respectively.

During the pendency of those two appeals, Lac Vieux entered into a settlement agreement with Atwater, Greektown and an entity called Detroit Entertainment LLC, of which Atwater is now a member. Under the terms of the settlement agreement, Lac Vieux agrees to dismiss its appeal with prejudice in case number 02-1893 to the extent that it relates to Atwater, Greektown and Detroit Entertainment. The parties also executed a consent judgment that includes language that protects Atwater/Detroit Entertainment and Greektown from any new selection process that this Court may order in Lac Vieux's appeal in case number 02-1893. In exchange, Atwater/Detroit Entertainment and Greektown agree to pay Lac Vieux $80 million upon approval of the settlement agreement and consent judgment.

The district court indicated its willingness to approve the settlement agreement and consent judgment pursuant to the procedures in *First National Bank v. Hirsch*, 535 F.2d 343 (6th Cir. 1976). The settling parties then submitted to this Court a motion for approval of their settlement agreement and consent judgment or, alternatively, for remand to the district court for that purpose. We remanded the matter for consideration of the settlement issues and their impact on MGM. On remand, the district court issued an order approving the settlement agreement and consent judgment and specifically holding that the arrangement "represents a fair and reasonable settlement, . . . is in the public interest and . . . does not prejudice MGM." MGM's appeal of that ruling, which is docketed as case number 04-1618, is the third of the three appeals currently pending before us.

## II.

In case number 04-1618, MGM argues that the district court erred in approving the settlement agreement and consent judgment in several ways: first, in approving language in the consent judgment that MGM claims purports to curtail this Court's equity jurisdiction; second, in requiring MGM to prove that the consent judgment causes it legal prejudice, rather than some lower standard of harm; and third, assuming that the legal prejudice standard does apply, in concluding that MGM has failed to satisfy that standard. We review the district court's approval of a settlement agreement and consent judgment for abuse of discretion. *See Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 564 (6th Cir. 2001); *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000).

The language in the consent judgment that MGM finds objectionable is contained in the following two paragraphs:

It is further ORDERED that Detroit Entertainment and Greektown are hereby authorized to continue operating their casinos pursuant to their current respective Development Agreements unaffected by the remaining parties to this litigation continuing to pursue their respective claims and appeals and unaffected by the resolution of those claims or appeals.

It is further ORDERED that Detroit Entertainment and Greektown may continue to operate their respective casinos pursuant to their current respective Development Agreements without satisfying any additional material requirements relating to or arising as a consequence of the Pending Litigation or participating in a new casino development competitive selection process or its equivalent.

According to MGM, these paragraphs effectively limit the manner in which this Court may adjudicate the claims at issue in Lac Vieux's appeal in case number 02-1893—namely, whether the City should be ordered to conduct a new selection process and, if so, to which franchise(s) such process should apply. MGM argues that if in case number 04-1618 we approve the settlement agreement and consent judgment, then we cannot in case number 02-1893 order a new selection process that includes all three franchises; pursuant to the terms of the consent judgment, MGM fears, any new selection process that we might order would apply only to MGM's franchise, a result that MGM finds particularly inequitable in light of the fact that it never benefitted directly from the unconstitutional preference in the first place.

We avoid the dangers that MGM points out, however, by adjudicating all three pending appeals simultaneously. Indeed, MGM recognizes as much. In its brief, MGM states that "[t]his Court may approve the Consent Judgment upon a finding that the Court cannot thereafter grant any additional equitable relief that would further remedy [Lac Vieux's] constitutional injury." Such a result, MGM concedes, would "assure that [Lac Vieux] will receive $80 million to compensate it for the violation of its constitutional rights" and would "also avoid prejudicing MGM." This is

precisely the result that we have reached. Accordingly, MGM's primary objection to the two paragraphs in the consent judgment no longer applies and, given MGM's concession that such a result would cause it no harm, we need not determine whether the district court erred in evaluating MGM's objections to the consent judgment under the legal prejudice standard.

Based upon our thorough review of the record and the parties' arguments, we find no abuse of discretion in the district court's approval of the settlement agreement and consent judgment and we therefore affirm that judgment. Given our conclusion in that regard, Lac Vieux's appeal in case number 02-1893 must be dismissed. In that appeal, Lac Vieux requests additional relief in the form of a new selection process for all three franchises, which are currently held by Atwater/Detroit Entertainment, Greektown and MGM, respectively. This request directly conflicts with the provision of the consent judgment that expressly relieves Atwater/Detroit Entertainment and Greektown of any obligation to "participat[e] in a new casino development competitive selection process or its equivalent." In light of the consent judgment, we cannot grant the relief that Lac Vieux seeks in its appeal in case number 02-1893. Nor do we believe that a new selection process is warranted solely for the franchise currently held by MGM. Not only would such a result be particularly inequitable to MGM, it cannot even be deemed a remedy for the constitutional violation that occurred in this case, as the new selection process would not encompass the very two franchises that were awarded pursuant to the unconstitutional ordinance. Accordingly, Lac Vieux's appeal is hereby dismissed.[1]

---

[1]Given our dismissal of Lac Vieux's appeal in case number 02-1893, MGM's cross-appeal in case number 02-1996 is also dismissed.

**III.**

In summary, the district court's approval of the settlement agreement and consent judgment is AFFIRMED and the remaining appeals are DISMISSED. Additionally, as there are no longer any appeals pending in these consolidated cases, the injunction pending appeal is hereby DISSOLVED.