NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0182n.06

Nos. 08-1981/2580

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Mar 23, 2010**
LEONARD GREEN, Clerk

ERICKSON'S FLOORING AND SUPPLY CO.,
INC., a Michigan corporation,

      Plaintiff-Appellant,

v.

BASIC COATINGS, INC., an Iowa
corporation; ATLAS COMPANIES, INC., an
Iowa corporation; NELS INGEBRIGTSEN,
jointly and severally,

      Defendants-Appellees,

BASIC COATINGS, LLC; BETCO CORP.;
BETCO CORP., LTD.,

      Appellees,

and

ERICKSON DECORATING PRODUCTS,
INC., an Illinois corporation,

      Defendant.

_____/

On appeal from the United States
District Court for the Eastern District
of Michigan

BEFORE:    RYAN, COOK, and WHITE, Circuit Judges.

      RYAN, Circuit Judge.      In two separate appeals, the plaintiff, Erickson's Flooring

& Supply Co., Inc., asks that we reverse judgments in favor of the defendants (1) refusing

to reconsider an earlier summary judgment for the defendants, (2) declining to confirm an

earlier order holding the defendants in contempt of court, and (3) denying Erickson's

Flooring's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). We have consolidated the two appeals and we will affirm the district court's judgments in both.

**I.**

Erickson's Flooring is a wholesale distributor of floor products and for approximately 15 years had an agreement with the defendant, Basic Coatings, Inc., to distribute Basic's floor coating products. During 2002 and 2003, the relationship between Erickson's Flooring and Basic soured, and in July 2003, Basic terminated the agreement.

In September 2003, Erickson's Flooring filed suit against Basic and its parent, Atlas Companies, Inc., alleging federal antitrust claims and a number of state-law claims. Six months later, the district court dismissed Erickson's Flooring's complaint for lack of prosecution. Within a few months, Erickson's Flooring refiled its complaint alleging the same claims as before, against the same defendants. While the case was pending, Atlas sold Basic to Betco Corporation. Sometime in early 2005, although the specific date is unclear, Basic's business records shifted to Betco's possession.

In July 2005, Erickson's Flooring requested that Basic produce certain documents relating to business it had done with Erickson's Flooring. According to Erickson's Flooring, Basic at first denied the existence of the requested documents and then, admitting that the documents existed, purposely misinformed Erickson's Flooring as to their location. Basic denies these allegations and claims the documents were not produced when requested because the responsible personnel at Basic were unsure whether the documents were in the possession of Basic, Atlas, or Betco.

On April 28, 2006, before the discovery issues were resolved, the defendants moved for summary judgment under Federal Rule of Civil Procedure 56(c). Erickson's Flooring responded that it was unable to properly contest the motion because the defendants had not produced the documents that would demonstrate the genuine issues of material fact that should be litigated. While the defendants' Rule 56 motion was pending decision, Erickson's Flooring moved that Basic, Atlas, and Betco be held in contempt for failing to produce the requested documents. At a hearing on August 31, 2006, the district court held Basic, Atlas, and Betco in contempt and ordered all three companies to produce the requested documents on or before September 11, 2006, in order to purge themselves of contempt. The defendants' Rule 56 summary judgment motion remained under advisement.

On September 8, 2006, a flatbed truck carrying 164 bankers boxes of documents arrived at the offices of Erickson's Flooring's counsel. According to Erickson's Flooring, examination of the contents revealed a vast array of disorganized papers and files, many having nothing to do with Basic's business with Erickson's Flooring and therefore immaterial to Erickson's Flooring's discovery request.

In a later motion to confirm the court's contempt order, Erickson's Flooring claimed it was required to rent storage space for the 164 boxes and hire extra personnel to sift through and log the disorganized documents in an effort to find those that were material to the discovery request. Erickson's Flooring argued that the defendants' actions were a deliberate and obvious effort to frustrate a legitimate discovery request, and designed to

impose great inconvenience and substantial costs upon Erickson's Flooring before it could properly respond to the defendants' summary judgment motion.

The defendants responded that they had difficulty locating the documents, and ultimately found them in Betco's possession in a disorderly state. They did the best they could, they claimed, given Erickson's Flooring's overly broad discovery request, the lack of specific direction from the district court, and the need to act quickly to comply with the court's deadline.

Six weeks after receiving the documents, Erickson's Flooring submitted a status report asking the court to continue to hold all three companies in contempt until Erickson's Flooring could determine whether the documents were in compliance with its discovery request. During this period, Betco's counsel attempted to contact Erickson's Flooring or its counsel, apparently by telephone and in writing, to inquire whether the documents were satisfactory and whether there was anything else Erickson's Flooring required, but Erickson's Flooring never responded.

On September 28, 2007, more than a year after Erickson's Flooring received the truckload of documents, the district court issued an order granting the defendants' motion for summary judgment, dismissing Erickson's Flooring's case. On November 2, 2007, Erickson's Flooring asked the court to reconsider its summary judgment ruling, on the ground that Erickson's Flooring had newly discovered evidence that supported its antitrust claims and created genuine issues of material fact sufficient to defeat summary judgment in the defendants' favor. While that motion was pending, Erickson's Flooring filed still

another motion on February 22, 2008, this time asking the court to "confirm" its order holding Basic, Atlas, and Betco in contempt.

On July 23, 2008, the district court denied Erickson's Flooring's motion to confirm the earlier contempt order and refused to reconsider its summary judgment for the defendants. Erickson's Flooring then filed its appeal of these two rulings.

On September 19, 2008, notwithstanding its notice of appeal, Erickson's Flooring filed another motion to reconsider in the district court, but this time seeking alternate relief from the adverse summary judgment pursuant to Federal Rule of Civil Procedure 60(b), again on the ground that it had newly discovered evidence supporting its antitrust claims and creating genuine issues of material fact sufficient to defeat summary judgment in the defendants' favor. The motion was denied and Erickson's Flooring filed its second appeal. The two appeals have been consolidated for our decision. Betco, though not a party to the original suit, is an intervening party in the appeals.

**II.**

We will address first the issues raised in the first appeal: whether the district court abused its discretion in (1) refusing to reconsider its summary judgment for the defendants and (2) declining to confirm its order holding the defendants in contempt. We will then move on to the question raised in the second of the consolidated appeals: whether the district court abused its discretion in denying Erickson's Flooring's Rule 60(b) motion for relief from the adverse summary judgment.

We review a district court's decision denying a motion to reconsider under the "abuse of discretion" standard. Gage Prods. Co. v. Henkel Corp., 393 F.3d 629, 637 (6th

Cir. 2004).  A district court's decision on a motion for civil contempt is also reviewed for an "abuse of discretion."  Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co., 340 F.3d 373, 378 (6th Cir. 2003).

Considerable deference is accorded a district court's exercise of discretion and we do not disturb discretionary rulings unless we have "'a definite and firm conviction that the trial court committed a clear error of judgment.'"  Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir. 1991) (quoting Davis v. Jellico Cmty. Hosp. Inc., 912 F.2d 129, 133 (6th Cir. 1990)).  According to well-settled precedent in this circuit, "[a] district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard."  Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 891 (6th Cir. 2004).

## A.  Motion for Reconsideration of Summary Judgment Order

Erickson's Flooring's motion for reconsideration of the district court's September 28, 2007, order granting summary judgment for the defendants was filed on November 2, 2007.  The defendants point out, and Erickson's Flooring concedes, that the motion to reconsider was untimely because it was not filed within 10 days of the entry of the summary judgment, as required by Eastern District of Michigan Local Rule 7.1 and Federal Rule of Civil Procedure 59(e).  Erickson's Flooring argues, however, that the district court should have considered the motion for reconsideration as one for relief from judgment under Rule 60(b).  In particular, Erickson's Flooring claims it is entitled to relief under Rule 60(b)(2), on the ground of "newly discovered evidence."  Fed. R. Civ. P. 60(b)(2).  Erickson's Flooring argues that the exhibits attached to its motion, consisting of selected

pieces of business correspondence and corporate records obtained from the bankers boxes, is "newly discovered evidence" sufficient to support relief under Rule 60(b)(2).

The district court made clear in its written opinion that it was denying Erickson's Flooring's motion for reconsideration because the motion was untimely. But in footnote 2, the court indicated that Erickson's Flooring's motion also failed on its merits because the papers Erickson's Flooring attached to its motion were not "newly discovered evidence" within the meaning of Federal Rule of Civil Procedure 60(b)(2).

In order to prevail under Rule 60(b)(2), a party must demonstrate "that it exercised due diligence in obtaining the information" and that "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks and citation omitted). The district court stated Erickson's Flooring had the bankers boxes for more than 13 months before bringing their contents to the attention of the court and offered no reason why the documents were not brought to the court's attention earlier. The district court observed that even if Erickson's Flooring sorted through only one box a day, it would not have taken a full year to go through all the records. Accordingly, the district court found that the evidence Erickson's Flooring presented in support of its motion was not newly discovered.

We agree that even if the papers the defendants produced were unnecessarily excessive and in disarray, in taking more than a year to go through the boxes, Erickson's Flooring did not exercise "due diligence" in obtaining the evidence it presented to the

district court as "newly discovered."  The district court did not abuse its discretion in rejecting the motion for reconsideration either on procedural or substantive grounds.

### B.  Motion to Confirm Contempt

Erickson's Flooring contends that the district court abused its discretion when it declined to "confirm" its earlier contempt order.  It is unclear why Erickson's Flooring, having obtained a judgment for contempt against the defendants, albeit with a purge condition, would have need of an order confirming the contempt.  It seems logical that the burden of proceeding would shift to the defendants to seek to have the contempt order set aside.  In all events, we will treat the district court's refusal to confirm its contempt order as the equivalent of a refusal to hold the defendants in contempt.  This court has held that contempt is warranted when the moving party produces "clear and convincing evidence" that another party has "'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" Elec. Workers Pension Trust Fund, 340 F.3d at 379 (quoting NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987)).  Erickson's Flooring argues that Basic's and Betco's actions merited contempt because the defendants purposefully attempted to thwart Erickson's Flooring's discovery efforts by producing 164 bankers boxes containing thousands of disorganized papers, some having nothing to do with the litigation, contrary to Federal Rule of Civil Procedure 34.  Erickson's Flooring argues that the defendants' use of the familiar ploy of burying the plaintiff in a virtual haystack of thousands of disorganized papers with the burden and costs of locating the "needle," was the equivalent of purposeful noncompliance with the court's order.

Although we might have reacted to the defendants' behavior rather differently than the district court did, we cannot say that the court abused its discretion in declining to confirm its earlier contempt order, or stated differently, we think the court did not commit a clear error of judgment. See Amernational Indus., 925 F.2d at 975. Erickson's Flooring filed its motion to confirm contempt on February 22, 2008, more than 17 months after it had received the documents, and had not, in the meantime, made any complaint to the defendants or to the district court that the delivered documents were not in compliance with the court's discovery order. Moreover, Erickson's Flooring made no reply to the defendants' counsel's several inquiries whether the materials produced were satisfactory or whether Erickson's Flooring needed anything further. The district court also found that, besides bare allegations, Erickson's Flooring offered no support for its contention that Basic and Betco had deliberately produced the documents in a manner designed to obstruct discovery. We agree with the district court that Erickson's Flooring failed to present clear and convincing evidence that contempt was warranted. We find no abuse of discretion.

In its appellate brief, Erickson's Flooring also argues that the district court should have imposed sanctions under 28 U.S.C. § 1927. Sanctions may be imposed under this section on attorneys who "unreasonably and vexatiously" multiply legal proceedings. 28 U.S.C. § 1927. Erickson's Flooring argues that the defendants' counsel did just that because they purposefully attempted to thwart Erickson's Flooring's legitimate attempts to obtain discovery. The district court found that there was no evidence supporting these allegations, and we conclude that this finding was not clearly erroneous. The district court

did not abuse its discretion under either the Federal Rules of Civil Procedure or 28 U.S.C. § 1927 in denying Erickson's Flooring's motion to confirm contempt.

### C. Motion for Relief from Judgment

After filing its first appeal in this court, Erickson's Flooring filed a Rule 60(b) motion in the district court, arguing once again that the documents it had attached as exhibits to its earlier motion for reconsideration were "newly discovered evidence" sufficient to support a claim of relief from judgment.  After the district court denied this motion, Erickson's Flooring filed its second appeal.

The district court held that it lacked jurisdiction to consider the 60(b) motion because it was presented after the first notice of appeal was filed.  In its appellate brief, Erickson's Flooring concedes that the district court was correct in finding that it lacked jurisdiction to rule on the motion, but insists that the district court should nevertheless have considered the merits of the motion for relief from judgment and issued a "discretionary opinion" pursuant to the procedure set out in First National Bank v. Hirsch, 535 F.2d 343, 345-46 (6th Cir. 1976).

We review a trial court's decision on a motion for relief from judgment under Rule 60(b) for an abuse of discretion.  Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 760 (6th Cir. 2005).  Erickson's Flooring offers no support for the contention that a district court is required to issue a discretionary opinion on a motion for relief from judgment when it lacks the jurisdiction to rule on it, and we know of no such support.  We are satisfied that the district court did not abuse its discretion when it denied Erickson's Flooring's September 19, 2008, motion for relief from judgment.

**III.**

For the reasons stated, we conclude that the district court did not abuse its discretion in denying Erickson's Flooring's motion for reconsideration, motion to confirm contempt, and motion for relief from judgment.  We therefore **AFFIRM** the district court's judgments.