**NOT RECOMMENDED FOR PUBLICATION**
File Name: 14a0216n.06

**No. 13-6023**

| | | |
|---|---|---|
| **UNITED STATES COURTS OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | | **FILED**<br>***Mar 21, 2014***<br>DEBORAH S. HUNT, Clerk |

HOLLIS H. MALIN, JR; LINDA D. MALIN,   )
                                        )
    Plaintiffs-Appellants,               )
                                        )
v.                                      )
                                        )    ON APPEAL FROM THE
                                        )    UNITED STATES DISTRICT
JPMORGAN CHASE BANK, NATIONAL           )    COURT FOR THE EASTERN
ASSOCIATION, successor in interest Chase Home )    DISTRICT OF TENNESSEE
Finance LLC; CHASE HOME FINANCE, LLC,   )
                                        )
    Defendants-Appellees.                )
                                        )

Before: BOGGS and KETHLEDGE, Circuit Judges; RESTANI, Judge.[*]

RESTANI, Judge. Hollis Malin and Linda Malin appeal the district court's grant of summary judgment in favor of JPMorgan Chase Bank, NA ("Chase Bank") on plaintiffs' suit to prevent foreclosure and to quiet title. The Malins contend that the district court improperly excluded the testimony of a proposed expert witness and that outstanding disputes as to material fact precluded summary judgment. Because the district court did not abuse its discretion in exercising its gatekeeping role when considering the Malins' proposed expert and because there are no genuine disputes as to material facts, we affirm.

The Malins' proposed expert witness was considered by the district court for the purpose of testifying as to what can be done with certain computer software to alter documents to the extent that it would prove or disprove the authenticity of the mortgage documents relied upon by

---

[*] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Chase Bank in foreclosing on the Malins' property. Accordingly, the district court properly analyzed whether the Malins' purported expert was qualified to opine on this issue under the criteria outlined in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592–94 (1993). The court agreed with the magistrate judge's findings that the expert's methodology was not based on any standard established in the field, the expert lacked any qualifications or education in document forensics or examination, and the expert's methodology was subject to very limited testing. As the district court's findings were not clearly erroneous, the district court did not abuse its discretion in deciding not to admit this witness as an expert on the only relevant issue, the authenticity of the mortgage documents.[1]

Because the district court properly excluded the Malins' expert witness, the Malins were left with a case based on speculation alone. At their depositions, the Malins conceded that they had no way of knowing whether the mortgage documents were authentic, and in fact, both expressed their belief that the documents appeared authentic. The court's refusal to consider untimely evidence the Malins attempted to submit on this issue, after a prior extension, was not an abuse of discretion under Federal Rule of Civil Procedure 56. When the lack of any record evidence disputing the authenticity of the mortgage documents is taken together with the Purchase and Assumption Agreement, by which Chase Bank inherited all of the assets of Washington Mutual Bank, FA, the original note holder, it becomes clear that the Malins had no evidence to support their claim. Accordingly, the district court properly granted the summary judgment motion of Chase Bank.[2]

---

[1] The Malins also claim in their "Issues Presented" that their proposed expert witness should have been admitted as a fact witness. This argument is not developed in the argument portion of the brief, and therefore it is waived. See Fed. R. App. P. 28(a)(8).

[2] Chase Bank notified the court of the Malins' motion in the district court to alter judgment under Federal Rule of Civil Procedure 60(b). We lack jurisdiction to consider the motion in the first instance, and the district court has not

No. 13-6023
*Malin v. JPMorgan Chase Bank, NA*

The district court's judgment is affirmed.

---

indicated that it is inclined to grant the motion; therefore, remand is unnecessary.  <u>See</u> <u>First Nat'l Bank of Salem, Ohio v. Hirsch</u>, 535 F.2d 343, 346 (6th Cir. 1976).