# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2709

_____

Stanley Pruitt,

        Appellant,

  v.

United States of America,

        Appellee.

_____

No. 99-2715

_____

Appeals from the United States
District Court for the
Eastern District of Missouri.

Stanley Pruitt,

        Appellee,

  v.

United States of America,

        Appellant.

_____

Submitted:  September 13, 2000

Filed:  November 27, 2000

_____

Before WOLLMAN, Chief Judge, BRIGHT, and BYE, Circuit Judges.
_____

WOLLMAN, Chief Judge.

Stanley Pruitt appeals from the district court's[1] judgment resentencing him but otherwise denying his petition for habeas corpus pursuant to 28 U.S.C. § 2255. We affirm.

On direct appeal, we affirmed Pruitt's conviction and sentencing on four drug trafficking charges and three charges of carrying and using firearms during drug trafficking crimes in violation of 18 U.S.C. § 924(c). See United States v. Ortiz-Martinez, 1 F.3d 662, 670-72 (8th Cir. 1993).

Pruitt filed this habeas petition in the aftermath of Bailey v. United States, 516 U.S. 137 (1995), raising a Bailey claim and several others. The district court granted his petition with respect to the Bailey issue, vacated the convictions based on section 924(c), resentenced him, and denied all other claims in his petition. The court then granted a certificate of appealability on two of Pruitt's claims: an evidentiary claim based on the improper admission of firearms evidence and a sentencing claim based on drug quantity. The court also entered an order permitting Pruitt to take an appeal from the court's resentencing determination.

Pruitt contends that because his section 924(c) convictions were invalidated pursuant to Bailey, evidence that he possessed firearms was improperly presented to the jury, thus entitling him to a new trial on the four drug trafficking charges. Evidence of firearms possession, however, was admissible as part of the government's case on the drug trafficking charges. See United States v. Williams, 181 F.3d 945, 950-51 &

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

-2-

n.8 (8th Cir. 1999); United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990) ("[F]irearms, generally considered a tool of the trade for drug dealers, [are] also evidence of intent to distribute."). Pruitt's case is therefore distinguishable from those in which the defendant was prejudiced by the admission, in support of subsequently invalidated convictions, of inflammatory evidence that was inadmissable as support for the remaining convictions, mandating a new trial. See United States v. Aldrich, 169 F.3d 526, 528-29 (8th Cir. 1999); see also United States v. Jones, 16 F.3d 487, 493 (2d Cir. 1994). Accordingly, Pruitt's first claim fails.

Second, Pruitt argues that his attorney's failure at Pruitt's original sentencing to challenge the amount of drugs attributed to him rendered his counsel's assistance constitutionally ineffective. The district court had sentenced Pruitt on the basis of the full quantity of drugs the government proved to be involved in the conspiracy, more than 100 kilograms, and Pruitt did not appeal this determination. Several of Pruitt's co-defendants did appeal the drug quantity determination, which we affirmed on appeal. See Ortiz-Martinez, 1 F.3d at 675-76. Ineffective assistance of counsel claims generally require a petitioner to show both deficient performance by counsel and prejudice to the defense caused by that performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The district court concluded that Pruitt had failed to demonstrate prejudice because the amount attributed to him was correct.

The quantity of drugs properly attributable to Pruitt for sentencing purposes is that reasonably foreseeable to Pruitt within the scope of the criminal activity jointly undertaken by Pruitt and his co-conspirators. See United States v. Jones, 160 F.3d 473, 480 (8th Cir. 1998); U.S. Sentencing Guidelines Manual § 1B1.3, commentary at 2. As we noted in Ortiz-Martinez, the government properly proved the quantity for the conspiracy by summing the amounts derived from the testimony of witnesses and corroborating evidence and by extrapolating from the dollar amounts of drug proceeds and other financial information the quantity involved. See Ortiz-Martinez, 1 F.3d at 675. Pruitt's role as "the primary retail dealer/customer in the conspiracy, in addition

to directing the activities of various other dealers," id. at 670, is consistent with Pruitt's being sentenced for the full amount of the conspiracy-related cocaine as reasonably foreseeable to him. Because an objection to the drug quantity determination would not have helped Pruitt, his second claim also fails for lack of a demonstration of prejudice.

Lastly, we reject Pruitt's challenge to his resentencing. Pruitt seeks to raise claims involving determinations at his original sentencing that the district court did not address at resentencing. Pruitt raised most of these claims in his habeas petition, but the court refused to provide a certificate of appealability for them after it denied the claims. In a section 2255 petition, appellate review is limited to the issues specified in the certificate. See Fields v. United States, 201 F.3d 1025, 1026 n.2 (8th Cir. 2000); see also Richardson v. Bowersox, 188 F.3d 973, 982 (8th Cir. 1999) (section 2254). Because Pruitt's sentencing claims are beyond the scope of the certificate of appealability, we decline to address them. Pruitt's additional claims collaterally attacking his convictions suffer from the same defect.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.