# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2137

_____

Walter Gonzalez,                                    *
                                                    *
            Appellant,                              *
                                                    *     Appeal from the United States
      v.                                            *     District Court for the
                                                    *     District of South Dakota.
United States of America,                           *
                                                    *            [UNPUBLISHED]
            Appellee.                               *

_____

Submitted: November 29, 2005
Filed: December 9, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.


      Walter Gonzalez filed a 28 U.S.C. § 2255 motion, seeking relief based on
United States v. Booker, 125 S. Ct. 738 (2005), and based on two criminal-history
issues he did not pursue on direct appeal. The district court[1] denied Gonzalez's
motion, but granted a certificate of appealability (COA) on whether the rule
announced in Booker applies retroactively to cases on collateral review. We have

_____

      [1]The Honorable Karen E. Schreier, United States District Judge for the District
of South Dakota, adopting the report and recommendations of the Honorable Marshall
P. Young, United States Magistrate Judge for the District of South Dakota.

since concluded that it does not.  <u>See</u> <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam).  Further, Gonzalez has not made a substantial showing that he was denied a constitutional right so as to justify expanding the scope of the COA to include his criminal-history arguments.  <u>See</u> 28 U.S.C. § 2253(c); <u>Pruitt v. United States</u>, 233 F.3d 570, 572-73 (8th Cir. 2000) (appellate review of ruling on § 2255 motion is limited to issues specified in COA), <u>cert. denied</u>, 533 U.S. 932 (2001).  Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____