**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0314n.06**
**Filed: June 2, 2008**

**No. 06-1889**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HUSSEIN AMR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Respondent-Appellee. | ) | |

Before:     **KEITH, DAUGHTREY, and ROGERS, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Petitioner-Appellant Hussein Amr appeals the district court's denial of his motion to reconsider the court's denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. Amr was convicted by a jury of twenty-two counts of various crimes related to illegal transactions, health care fraud, mail fraud, illegal kickbacks, and money laundering. Subsequently, he was sentenced to sixty-three months in prison. Amr claims that the district court erred by not vacating his sentence and judgment because he was denied effective assistance of counsel. Amr also argues that the district court erred in denying his motion for reconsideration because it relied on a local rule that violates his due process rights. For the following reasons, we hold that the district court did not err in denying Amr's § 2255 motion and his subsequent motion for reconsideration. We therefore **AFFIRM** the district court's order.

**I. FACTUAL BACKGROUND**

On February 4, 2003, a jury found Defendant Hussein Amr guilty on a total of twenty-two counts: three counts of health care fraud, 18 U.S.C. § 1347 (1) and (2), nine counts of mail fraud, 18 U.S.C. § 1341, three counts of illegal kickbacks, 42 U.S.C. § 1320a-7b(b)(2)(B), three counts of money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), and four counts of engaging in illegal transactions, 18 U.S.C. § 1957. The jury also returned a forfeiture verdict in the sum of $1,015,384.55. Subsequently, Defendant was sentenced to sixty-three months in prison. Defendant appealed his conviction and it was affirmed in all respects by the Sixth Circuit in *United States v. Amr*, 132 F. App'x. 632 (6th Cir. 2005) on May 25, 2005.

On November 28, 2005, Defendant filed a motion to vacate his sentence and judgment pursuant to 28 U.S.C. § 2255. In his motion, Defendant claimed that his appointed counsel failed to inform him of a proposed guilty-plea agreement that had been offered by the Government. Furthermore, Defendant claimed that his appointed counsel (1) failed to interview a known key witness, (2) declined to read any of the available grand jury transcripts or witness statements, and (3) was not prepared for trial. With regard to his money forfeiture verdict, Defendant claimed that his counsel's actions resulted in a loss of more property in the forfeiture action than was otherwise necessary. Additionally, Defendant argued that counsel's post-conviction advice pertaining to credit card use caused the revocation of his bond, which caused him to lose other unspecified property. The district court found all of Defendant's claims to be without merit and denied his § 2255 motion.

On April 17, 2006, Defendant filed a motion in which he asked the district court to

reconsider its denial of his motion to vacate. In that motion, Defendant requested that the court

(1) reinstate his previous motion to vacate his sentence and judgment pursuant to § 2255, (2)

appoint an attorney who can adequately represent his interests to the Court, (3) schedule an

evidentiary hearing on the merits of the Government's claims of his criminal culpability, and (4)

grant any relief the Court deems appropriate in the matter. The court found that Defendant's

motion fell outside the ten-day period in which such a motion must be filed.[1] The court thus held

that it lacked jurisdiction to evaluate the merits of Amr's motion.

The district court did, however, address the merits, stating, "even if Amr's request had

been submitted in a timely fashion, his motion would have been denied because he has failed to

proffer any evidence that the decision of the Court, which is the subject of the pending motion

for reconsideration, was legally incorrect."[2] (J.A. 99.) The court went on to note that although

---

[1]Specifically, the district court stated:
> The time period in which a party must file a motion for reconsideration in this district is guided by the following provisions that appear in E.D. Mich. LR 7.1(g)(1): "A motion for reconsideration must be filed within 10 days after entry of the judgment or order." Although the challenged Order was issued on March 29, 2006, Amr's motion was not filed with the Court until April 17, 2006.

(J.A. 98.)

[2]The district court stated that the standard by which the merits of Defendant's motion for reconsideration is governed by is outlined in E.D. Mich. LR 7.1(g)(3), which reads:
> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.

(J.A. 99.)

Defendant continues to claim his attorney did not notify him of a plea offer, he has not provided

"any reasonable degree of credible evidence that such a plea offer had been proffered by the

Government." (J.A. 99.) Furthermore, the Government's response to Defendant's motion

contradicts his claim, as it denies that a plea offer was ever made to Defendant or his counsel.

Thus, not only did the court deny Defendant's motion for reconsideration on procedural grounds,

it denied the motion on substantive grounds as well.[3]

Following the court's denial of Defendant's motion for reconsideration, Defendant filed

another motion asking the court to grant him a Certificate of Appealability (COA) pursuant to 28

U.S.C. § 2253 and Rule 22(b)(2) of the Federal Rules of Appellate Procedure. Although

Defendant requested a COA to appeal several issues,[4] the court only granted the certificate for

two issues. First, the court granted the COA for Defendant to appeal his allegation that he had

inadequate representation at trial. The court stated that, "[n]otwithstanding the denials by the

[Defendant's] former counsel and the Government's attorney that any plea bargain proposal was

ever made, a reasonable jurist could arguably find that his mere assertion that he was not

informed of a guilty plea deal was sufficient to warrant an evidentiary hearing on the matter."

---

[3]It should be noted that in its order the district court also addressed Defendant's request for new counsel. It found Defendant's request moot, as it was untimely, and that Defendant failed to demonstrate that the Court erred in its order regarding Defendant's motion to vacate his sentence and judgment.

[4]Amr requested that the COA be issued in regard to the following issues: (1) his trial counsel failed to inform him of a government plea offer; (2) the failure of his trial counsel to call a key witness during the trial; (3) the rejection by the Court of his request for an evidentiary hearing and the appointment of another attorney to assist him during this post trial period, and (4) the denial of due process because of his failure to satisfy the Local Rules relating to the filing of a motion for reconsideration in a timely manner.

(J.A. 104.) Second, the court granted a certificate for Defendant to appeal his claim that local rule E.D. Mich. LR & 7.1(g)(1), which requires that motions for reconsideration be filed within ten days of a judgment or order, violates his due process rights. The court stated:

> Amr does not contend that his motion for reconsideration was untimely. Rather, []he submits that E.D. Mich. L.R. 7.1(g)(1) is an unconstitutional deprivation of due process as it is applied to prisoners. In particular, he argues that unrepresented prisoners cannot meet the 10 day requirement for filing a motion for reconsideration due to, inter alia, the existing restrictive conditions at the federal correctional institution where he is currently housed. Therefore, although the Local Rule was applied by this Court, Amr has properly raised a new constitutional claim that this challenged Local Rule is a violation of his fundamental right to due process to which a reasonable juror could find debatable.

(J.A. 105.)

It is these two issues that this Court must now consider on appeal.

## II. DISCUSSION

### Defendant's Ineffective Assistance of Counsel Claim

In Defendant's ineffective assistance of counsel claim, he first argues that he was denied effective assistance of counsel because his attorney did not inform him of a plea deal offered by the Government. Defendant claims that the Government made an oral offer to his attorney to seek a sentence of one year and a day. He alleges, however, that his attorney did not inform him of the offer until it was too late to accept it. Defendant claims that had he been aware of the offer, he would have accepted it and would not be serving his current sixty-three month sentence.

In hearing an appeal from a lower court's denial of a § 2255 motion, we review legal conclusions *de novo* and factual findings for clear error. *Wright v. United States*, 182 F.3d 458, 463

(6th Cir. 1999). A claim of ineffective assistance of counsel [under the Sixth Amendment] presents a mixed question of law and fact that we similarly review *de novo*. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). To prevail on such a claim, the petitioner must prove both (1) that his counsel's assistance was deficient because it "fell below an objective standard of reasonableness" and (2) that this deficient performance prejudiced the petitioner so seriously that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, the petitioner must do so by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In the instant matter, the district court dismissed Defendant's claim without reaching the question of whether he satisfied the *Strickland* test because it found that his claim lacked any support other than his own statements. Before the district court was the Government's brief in response to Defendant's § 2255 motion, in which the Government stated that it never made an oral offer of "one year and a day" to Defendant's counsel, and a signed declaration by Defendant's counsel stating that he never received such an offer. (J.A. 85.) Specifically, Defendant's counsel's declaration states that the Government made a written plea offer to Defendant with a guideline range of 24-30 months, which Defendant's counsel discussed with him on "numerous occasions," but "[n]o other offer was ever made." (J.A. 93.) The declaration does indicate that the Government informed Defendant's counsel that it would be interested in any information Defendant had regarding "leaks" of information to Defendant from the Medicare Offices. If Defendant provided such information, the declaration stated, the Government "might" make a substantial assistance downward departure

motion, possibly resulting in a final sentence of 12-13 months imprisonment. (J.A. 93.) The court, however, did not find the Government's statements to constitute an offer. Moreover, the declaration indicates that Defendant's counsel informed Defendant of the Government's statements and Defendant replied that he was "not interested." (J.A. 93.) Besides simply claiming that the Government did indeed give Defendant an oral offer of "one year and a day," Defendant identified no potential evidence to counter the assertions made by the Government and his attorney. Consequently, the court dismissed Defendant's claim of ineffective assistance of counsel.

Given the record, we hold that the district court was correct to find that there was no "oral offer" by the Government, and to subsequently dismiss Defendant's claim. Although Defendant claims that the Government's statement that it "might" assist in a downward departure motion was a plea offer, he is mistaken. The Government's oral statements to Defendant's counsel did not constitute an offer, as the Government did not offer Defendant anything in its statements. The Government's statements only indicated that it was open to the possibility of offering Defendant something, in this case, assistance in obtaining a downward departure at sentencing. Moreover, even if the Government's statements constituted an offer, Defendant's counsel declared that he informed Defendant of the statements before he was sentenced. These facts, coupled with the Government and Defendant's counsel's denial that an oral offer was ever made, were enough to justify the district court's finding that no oral offer existed. As such, the district court was correct to find that Defendant had suffered no "constitutional violations as a result of his attorney's actions or inactions." (J.A. 59.)

### A. Defendant's Evidentiary Hearing Claim

Defendant's second argument is that the court should have held an evidentiary hearing to determine the validity of Defendant's claim that there was an oral offer made to his attorney and that he was not made aware of that offer in a timely fashion. Defendant argues that when there is a factual dispute in an ineffective assistance of counsel case, the habeas court must hold an evidentiary hearing to determine the validity of Petitioner's claim. As there was a dispute in Defendant's case regarding whether an oral offer was ever made by the Government, Defendant claims the district court was required to hold an evidentiary hearing, and that its decision not to hold such a hearing was an abuse of its discretion.

A district court's denial of an evidentiary hearing regarding a prisoner's § 2255 motion is reviewed under the abuse of discretion standard. This court has held that when a factual dispute arises in a § 2255 motion, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims *unless* the record conclusively shows that the petitioner is entitled to no relief. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007), *cert. denied*, 128 S.Ct. 1311(2008) (emphasis added). Stated another way, the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Id*.

Here, the record refuted Defendant's factual allegations, thus making an evidentiary hearing unnecessary. As previously stated, the record before the district court consisted of a brief from the Government stating that it never made an oral offer to Defendant's attorney, and a declaration by Defendant's attorney stating that he never received an oral offer from the Government. This information clearly contradicts Defendant's claim that an oral offer was "on the table." Moreover,

there is nothing in the record to indicate that Defendant would have been able to prove his allegations at an evidentiary hearing. He has not identified any evidence, other than his own testimony, that he could present to support his claim.[5] As such, the district court was correct to deny an evidentiary hearing to Defendant.

<hr/>

Defendant's Due Process Claim

In Defendant's due process claim, he argues that the district court abused its discretion in denying his motion for reconsideration on procedural and substantive grounds. Defendant claims that the district court miscalculated the time period for filing a motion for reconsideration and therefore should not have denied Defendant's motion on procedural grounds. Defendant also claims that he presented a "palpable defect by which the court and parties had been misled and also demonstrated that correcting the defect would have resulted in a different disposition of the case." (Appellant's brief 21.) Therefore, his motion should not have been denied.

<hr/>

[5]It should be noted that Defendant submitted an affidavit to the district court to support his claim that there was an oral offer made by the Government. In the affidavit, Defendant states that after closing arguments, his attorney informed him that the government had made an offer "but that it was not in writing and he was not therefore obligated to communicate that offer to [Defendant]." (J.A. 101.) Defendant also states that he talked to his attorney's supervisor, and she acknowledged that his attorney "had confessed to her that there was a verbal offer made and that he did not disclose that offer to [Defendant]." (J.A. 101.) Defendant's affidavit, however, was not before the district court when it was deciding Defendant's § 2255 motion, nor was it before the court when it was deciding Defendant's motion to reconsider its § 2255 judgment. Defendant's affidavit was filed on June 13, 2006, months after the court's denial of his § 2255 motion on March 29, 2006, and days after its denial of Defendant's motion to reconsider on June 9, 2006. Nevertheless, even if the district court had the affidavit before it, it would not change the fact that the only evidence Defendant would be able to proffer at a hearing would be his own testimony. Defendant has identified no other evidence, and there is no indication that his attorney or the Federal Public Defender would testify on his behalf.

Defendant's contention is flawed because he is arguing a claim he was not authorized to present on appeal. Appellate review of a petitioner's § 2255 motion is limited to those issues specified in the certificate of appealability (COA). *See Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007); *Seymour v. Walker* 224 F.3d 542, 561 (6th Cir. 2000). The district court granted Defendant a COA to appeal "his constitutional contention that LR Mich.7.1(g)(1) is a violation of his due process rights." (J.A. 105.) The court permitted the COA in regards to Defendant's argument that "unrepresented prisoners cannot meet the 10 day requirement for filing a motion for reconsideration due to, inter alia, the existing restrictive conditions at the federal correctional institution where [Defendant] is currently housed." (J.A. 105.)

Here, on appeal, Defendant is making a different argument. Although he states at the outset that he believes local court rule LR Mich.7.1.(g)(1) violates his right to due process, he does not state anywhere in his brief *how* it violates his due process rights, let alone how the rule adversely applies to inmates. Instead, Defendant argues that "the district court abused its discretion in denying his Motion for Reconsideration on procedural and substantive grounds." (Appelant's brief 17.) The issue of whether the court abused its discretion in denying Defendant's motion for reconsideration is not the issue he was granted authority to appeal by the district court. As such, this Court is without authority to reach the merits of Defendant's argument.

### III.  CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court's judgment.

.