**File Name: 09a0299n.06**

**Filed: April 22, 2009**

## NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
## No. 06-3739

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DONALD R. ADKINS, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v | ) | **STATES DISTRICT COURT FOR THE** |
| | ) | **SOUTHERN DISTRICT OF OHIO** |
| | ) | |
| ROB JEFFREYS, Warden, | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**Before: CLAY and GIBBONS, Circuit Judges; and GREER, District Judge**[*]

**GREER, District Judge.** Petitioner-Appellant appeals from the district court's denial of his *pro se* motion for reconsideration, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, of the denial of his habeas corpus petition under 28 U.S.C. § 2254. Finding no error in the district court's denial of the motion, we affirm.

### I.

On November 18, 2004, Donald R. Adkins ("Adkins"), an Ohio state prisoner serving a seven-year sentence on convictions for sexual battery and felonious assault, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus in the district court. On July 8, 2005, the Magistrate Judge issued a Report and Recommendation recommending that Adkins' petition be dismissed due

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

to Adkins' failure to establish cause and prejudice for the procedural default of his claims. Adkins' objections to the Report and Recommendation were overruled by the district court on December 6, 2005, and Adkins' petition was dismissed. On December 27, 2005, Adkins filed a notice of appeal from the dismissal of his petition for a writ of habeas corpus, which the district court construed as a request for a certificate of appealability. Adkins' appeal was docketed in this court as case number 06-3020. On January 18, 2006, the district court denied Adkins' a certificate of appealability.

While his appeal was pending in this court, Adkins filed a "Motion for Reconsideration/Reopening" in the district court. On March 15, 2006, the district court denied the motion on the grounds that the notice of appeal had left the district court without jurisdiction to consider Adkins' Rule 60(b) motion. The district court further held that its "review of petitioner's motion does not reveal any grounds on which the court would be disposed to grant relief, were this action to be remanded [to the district court] for consideration of petitioner's motion." Adkins then filed the instant appeal on May 2, 2006.

After directing Adkins to show cause why his May 2 notice of appeal should not be dismissed as untimely, this court remanded the case to the district court "for the limited purpose of treating the notice of appeal as a Fed. R. App. P. 4(a)(5) motion for extension of time." The request for an extension of time to file the appeal was granted by the district court on August 24, 2006. In the same order, the district court denied Adkins' request for a certificate of appealability. On November 2, 2006, this Court denied a certificate of appealability in case number 06-3020. On November 11, 2007, a certificate of appealability was granted in the instant case and counsel was appointed to represent Adkins.

## II.

This case presents the straightforward issue of the proper procedure to be followed when a party makes a motion under Rule 60(b) to vacate the judgment of the district court after a notice of appeal has been filed. In this case, the district court held that it lacked jurisdiction over Adkins' Rule 60(b) motion for reconsideration because the December 27, 2005, notice of appeal had transferred jurisdiction of the case to the court of appeals. The district court, however, went further and reviewed the merits of Adkins' motion, finding "no grounds on which the court would be disposed to grant relief . . . ." Adkins now contends that the district court erred when it denied his motion, arguing that the notice of appeal did not prevent the district court from considering the merits of the motion.

It is clear that the filing of a notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and the district court is thereafter without jurisdiction except to act in aid of the appeal. *United States v. Garcia-Robles,* __ F.3d __, 2009 WL 937244 (6th Cir. Apr. 2009); *Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969); *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963). "A timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the court of appeals." *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007). At the time of the filing of Adkins' Rule 60(b) motion, he already had an appeal pending in this court which deprived the district court of jurisdiction to rule on the motion, as the district court correctly held.

This Court first prescribed a procedure to be utilized when a Rule 60(b) motion is filed in the district court while an appeal is pending in the court of appeals in *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976). Under the procedures outlined in *Hirsch*, where a party wishes to file a Rule 60(b) motion but has already filed a notice of appeal,

> the proper procedure is for him to file his motion in the [d]istrict [c]ourt. If that court indicates that it will grant the motion, the appellant should then make a motion to this court for a remand of the case in order that the [d]istrict [c]ourt may grant the motion . . . .

*Id.* at 346. If the district court is not disposed to grant the motion, "the appeal will be considered in regular course." *Id.* The decision of whether to consider the post-judgment motion while an appeal is pending is within the district court's discretion, and there is no error if the district court decides to let the appeal run its course. *LSJ Investment Co. v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999).

In this case, the district court correctly held that it had no jurisdiction to decide Adkins' Rule 60(b) motion and followed precisely the procedure established in *Hirsch*. Although the district court was not required to do so, it nevertheless exercised its discretion and considered the merits of petitioner's motion for reconsideration and found no grounds on which the district court would be disposed to grant relief. There was no abuse of discretion in the district court's denial of Adkins' motion.

Finally, the petitioner argues that since his appeal as to the merits of the denial of his petition for a writ of habeas corpus was concluded when this Court denied him a certificate of appealability, the jurisdictional impediment to the district court's consideration of his motion has been removed, and we should remand the case for consideration of the motion on the merits. We decline to do so. The district court's order indicates that it has already considered the merits of the motion and found no basis to grant relief. In addition, Adkins' motion for reconsideration raises no claims the district court did not fully consider in its denial of the petition for writ of habeas corpus and this court, in denying the certificate of appealability, found the district court's resolution of those claims not

debatable by jurists of reason.  A remand of the case would, therefore, be a complete waste of judicial resources.

## III.

For the foregoing reasons, we affirm the decision of the district court.