NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0311n.06

No. 17-5285

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WILLIAM PACKETT,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

FILED
Jun 25, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

**BEFORE: KEITH, ROGERS and BUSH, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Petitioner-Appellant William Packett ("Packett") was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"). Packett collaterally attacked his sentence through a motion brought pursuant to 28 U.S.C. § 2255, asking the district court to vacate his sentence and re-sentence him. The district court denied Packett's motion, and this appeal followed. For the reasons set forth below, the district court's decision is **AFFIRMED**.

## I. FACTS

In 2012, Packett pleaded guilty to violating 18 U.S.C. § 922(g)(1) ("§ 922(g)(1)"), which prohibits convicted felons from possessing a firearm. This offense typically carries a maximum imprisonment penalty of ten years. *See* 18 U.S.C. § 924(a)(2). However, under the ACCA, a defendant who violates § 922(g)(1) after being convicted of at least three violent felonies becomes subject to a mandatory minimum imprisonment penalty of fifteen years. *See* 18 U.S.C. § 924(e)(1). At sentencing, the district court found that Packett had been convicted of three violent felonies

prior to violating § 922(g)(1) and, therefore, sentenced him pursuant to the ACCA to an imprisonment term of fifteen years. Packett did not take a direct appeal of his sentence.

In 2014, Packett filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. The district court appointed counsel to represent Packett, and this counsel filed a supplemental motion on Packett's behalf on June 24, 2016 ("§ 2255 motion"). Packett's § 2255 motion argues that, in light of the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), two of his prior convictions in Tennessee state court—(1) burglary and (2) aggravated assault—no longer qualify as violent felonies under the ACCA. Therefore, Packett asserts that his record no longer contains the three violent felonies necessary to subject him to the ACCA's mandatory-minimum-imprisonment penalty. Based on this, Packett concludes that his sentence is in excess of the maximum authorized by law, entitling him to a vacating of his sentence and re-sentencing in accordance with § 922(g)(1)'s ten-year maximum penalty.

On January 9, 2017, the district court denied Packett's § 2255 motion on the merits, concluding that all three of his prior convictions qualify as violent felonies under the ACCA. The district court declined to issue Packett a certificate of appealability, prompting him to request one from this court. We granted Packett's request for a certificate of appealability but only with respect to his claim that his aggravated assault conviction is not a violent felony. This appeal followed.

On appeal, Packett argues that the district court incorrectly determined that his burglary and aggravated assault convictions are violent felonies under the ACCA. However, "[a]ppellate review of a petitioner's § 2255 motion is limited to those issues specified in the certificate of appealability." *Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007) (citations omitted). Packett's certificate of appealability authorizes him to pursue an appeal only "with respect to his

aggravated assault conviction . . . ." Therefore, we do not reach the merits of Packett's claim that his burglary conviction is not a violent felony under the ACCA. *See id*. at 935.

## II. STANDARD OF REVIEW

"In reviewing a district court's denial of a motion under Section 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law *de novo*." *Braden v. United States*, 817 F.3d 926, 929 (6th Cir. 2016) (quoting *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000)). "This court reviews *de novo* a district court's determination regarding whether a prior conviction constitutes a 'violent felony' under the ACCA." *Id.* at 930 (quoting *United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015)).

## III. DISCUSSION

### A. § 2255 Motions

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "If the court finds that . . . the sentence imposed was not authorized by law . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. § 2255(b).

Motions brought under § 2255 are subject to a one-year period of limitation. Normally, this period runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). However, subsection (f)(3) of § 2255 gives federal prisoners a second chance to attack their sentences, under special circumstances. Subsection (f)(3) can restart the one-year period of limitation only if the U.S. Supreme Court (1) announces a "newly recognized" right that affects the prisoner's conviction and/or sentence, and (2) makes that new right retroactive to cases on collateral review. *See id*. § 2255(f)(3). In such cases, the one-year limitation period restarts on

"the date on which the right asserted [in the § 2255 motion] was initially recognized by the Supreme Court." *Id*.

Here, Packett claims that the *Johnson* case makes his § 2255 motion timely under subsection (f)(3). *Johnson* announced a new right that is retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). Packett's § 2255 motion was filed within one year of the *Johnson* decision and is, therefore, timely.

## B. The ACCA and *Johnson*

The enhanced penalties under the ACCA, including the fifteen-year mandatory minimum, apply when a person violates 18 U.S.C. § 922(g)(1) after having been convicted of at least three violent felonies. *See* 18 U.S.C. § 924(e)(1). According to the ACCA's provisions, there are three ways in which an offense can qualify as a "violent felony": (1) if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the "force clause"); (2) if the offense "is burglary, arson, or extortion, [or] involves use of explosives" (known as the "enumerated offenses clause"); or (3) if the offense "otherwise involves conduct that presents a serious potential risk of physical injury to another" (known as the "residual clause"). *See* 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held that the residual clause of the ACCA's "violent felony" definition was unconstitutionally vague and invalidated it. *Johnson*, 135 S. Ct. at 2563. Crucially, *Johnson* "[did] not call into question application of the [ACCA] to . . . the remainder of the [ACCA]'s definition of a violent felony." *Id*. Therefore, crimes that qualify as violent felonies under either the force clause or the enumerated offenses clause can still subject defendants to the ACCA's enhanced penalties.

## C. Whether Packett's Aggravated Assault Conviction is a "Violent Felony" Post-*Johnson*

According to the Tennessee state court judgment, Packett pleaded guilty to, and was convicted of, aggravated assault in violation of Tennessee Code Annotated ("T.C.A.") § 39-13-102. The judgment specified that Packett was being convicted of a class C felony. (*Id.*) T.C.A. § 39-13-102 lists several ways in which a person can commit aggravated assault, clarifying that the set of elements listed in subdivision (a)(1) and the respective sets of elements listed in subsections (b) and (c) are all class C felonies. *See* Tenn. Code Ann. § 39-13-102(d)(1) (2009).

Packett's § 2255 motion states that the "pertinent part" of the statute with respect to his aggravated assault claim is subdivision (a)(1). The motion goes on to analyze (a)(1) in an attempt to show that it does not meet the requirements of the ACCA's force clause. When the district court was deciding the motion, the case record was devoid of documents from Packett's aggravated assault case—documents that would have allowed the district court to properly determine whether he was convicted of violating (a)(1), (b), or (c). Therefore, when deciding the § 2255 motion, the district court turned to the Presentence Investigation Report ("PSR") in Packett's § 922(g)(1) case to determine what facts had led to his aggravated assault conviction. Using these facts, the district court found that Packett had been convicted of violating the set of elements in subdivision (a)(1). The district court analyzed the elements in (a)(1), found that they meet the requirements of the force clause, and concluded that Packett was, therefore, properly convicted of a violent felony under the ACCA.

On appeal, Packett does not reassert the argument from his § 2255 motion (i.e., that (a)(1) is not a violent felony). Instead, he now contends that the district court erred because it used Packett's PSR to determine which set of elements in T.C.A. § 39-13-102 formed the basis of his conviction. Because T.C.A. § 39-13-102 does not contain "a single, indivisible set of elements,"

it is proper for courts to consult a limited category of documents "to determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257–58 (2013). In such circumstances, courts are limited to reviewing *Shepard* documents, which include "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

This court's decision in *United States v. Wynn*, 579 F.3d 567, 575–76 (6th Cir. 2009), makes it clear that "PSRs are non-*Shepard* documents." *United States v. Gardner*, 649 F.3d 437, 445 (6th Cir. 2011). Accordingly, Packett is correct in his assertion that the district court should not have used the PSR to determine which set of elements in T.C.A. § 39-13-102 formed the basis of his aggravated assault conviction. Notwithstanding this error, Packett's § 2255 motion still fails because he has not met his burden of proving that he is entitled to relief.

On appeal, Packett argues that if there are no documents in the record that allow the court to determine which set of elements formed the basis of a conviction, then the offense cannot qualify as a violent felony. This argument conflates the government's burden at sentencing with the petitioner's burden on a § 2255 motion. As the government concedes in its brief on appeal, it could not have used the PSR during Packett's sentencing to meet its burden to prove that aggravated assault is a violent felony under the ACCA. However, the burden of proof shifts to the petitioner when he seeks to re-open his conviction through a § 2255 motion. "Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003)).

6

In other words, Packett can only succeed on his § 2255 motion if he shows, by a preponderance of the evidence, that his prior aggravated assault conviction is not a violent felony. Packett cannot meet this burden, however, because *Shepard* documents provided by the government show that the specific class C felony that formed the basis of Packett's conviction is a violent felony.

On appeal, the government has moved this court to take judicial notice of the Tennessee Criminal Information that charged Packett with aggravated assault. Packett has not opposed the motion. We may take notice of this charging document, which is a *Shepard* document, in a circumstance like this. *See United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012). Therefore, we may properly undertake the analysis attempted in the district court's opinion.

The Information charged Packett with "unlawfully and intentionally or knowingly caus[ing] [another person] to reasonably fear imminent bodily injury by the use or display of a deadly weapon, to wit: a motor vehicle, in violation of T.C.A. 39-13-102 . . . ." This confirms that Packett was, indeed, convicted of violating the set of elements contained in subdivision (a)(1). Because aggravated assault is not one of the enumerated offenses in the ACCA's "violent felony" definition, the set of elements in (a)(1) can be a violent felony only if it meets the requirements of the force clause. A crime meets the requirements of the force clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The first element of (a)(1) is that the defendant must have intentionally or knowingly committed an assault. According to T.C.A. § 39-13-101, an intentional or knowing assault can be accomplished in three ways: (1) causing bodily injury to another; (2) causing another to reasonably fear imminent bodily injury; or (3) causing physical contact with another that a reasonable person

7

would regard as extremely offensive or provocative. *See* Tenn. Code Ann. § 39-13-101(a). Each of these three variants involves "the use, attempted use, or threatened use of physical force against the person of another." Therefore, Packett's conviction for class C aggravated assault under T.C.A. § 39-13-102(a)(1) is necessarily a violent felony under the force clause of the ACCA.

## IV.    CONCLUSION

For the abovementioned reasons, Packett was convicted of three violent felonies prior to his conviction for violating 18 U.S.C. § 922(g)(1). Accordingly, the district court properly denied Packett's § 2255 motion. We **AFFIRM** the decision of the district court.