# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2478

_____

James Alton Turner, Jr.

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: June 10, 2019
Filed: July 23, 2019
[Unpublished]

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

James Turner appeals the district court's[1] denial of his 28 U.S.C. § 2255 petition challenging his designation as an armed career criminal. *See* 18 U.S.C. § 924(e)(1). We affirm.

_____

[1] The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

In June 2004, Turner pleaded guilty to (1) knowingly and intentionally possessing with intent to distribute approximately 1,162 grams of marijuana within 1,000 feet of a park after having been previously convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 851, and 860; and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The sentencing court determined that, based on prior felony convictions, Turner was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1) (imposing a mandatory minimum sentence of fifteen years for defendants convicted of being a felon in possession of a firearm with three or more prior convictions for a "violent felony" or a "serious drug offense"). It sentenced him to 210 months' imprisonment.

On December 7, 2017, we granted Turner's petition for authorization to file a successive motion under § 2255 challenging the ACCA enhancement to his sentence. In support of his motion, Turner argued before the district court that he was not subject to the enhancement because his prior convictions were not "violent felon[ies]" under the ACCA. Specifically, he claimed that "[w]here, as here, the record is silent as to which clause of 18 U.S.C. § 924(e)(2)(B) the [sentencing] court relied upon to find [he] had at least three prior convictions that qualified as violent felonies, it should be presumed that the court relied upon the residual clause." And because the Supreme Court held the residual clause to be unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), he contended that his prior convictions were not ACCA predicate offenses and that his sentence should be vacated. *See Welch v. United States*, 136 S. Ct. 1257, 1264 (2016) (concluding that *Johnson* announced a "new rule" that is retroactive on collateral review).

The district court denied Turner's motion, declining to presume that the sentencing court relied on the residual clause and holding instead that "[a] movant must prove that he or she was sentenced using the residual clause." But it "acknowledge[d] that this issue appears to be the subject of considerable debate" and

that "[t]he Eighth Circuit has not yet decided this issue." Given this uncertainty, the district court issued a certificate of appealability on the narrow question of "whether a movant must conclusively establish that the sentencing court relied on the residual clause to determine that a prior conviction is an ACCA crime of violence." Turner appealed.

Soon thereafter, we decided *Walker v. United States* and concluded that, before a district court can proceed to the merits of a § 2255 motion, a movant relying on *Johnson* must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." 900 F.3d 1012, 1015 (8th Cir. 2018). Because *Walker* controls and addresses the only question presented in this appeal, we affirm.[2] *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

———————————————

[2] We decline to address Turner's other challenges to the district court's denial of his § 2255 petition because they are outside the certificate of appealability. *See Pruitt v. United States*, 233 F.3d 570, 572-73 (8th Cir. 2000) ("In a section 2255 petition, appellate review is limited to the issues specified in the certificate.").